UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNIE L. FLOYD | : |
| v. | : NO. : |
| MANHEIM AUCTIONS, INC. | : |
| | : JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

COMES NOW, Plaintiff, by counsel, and complains of defendant as follows:

### JURISDICTION

1. This action is brought pursuant to 28 U.S.C. §1332 and the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship between the parties hereto.

### VENUE

2. Venue lies in the United States District Court for the District of New Jersey because a all of the events or omissions giving rise to this claim occurred in this District and defendant maintains a place of business and sufficient contacts in this District in Bordentown, Burlington County, New Jersey.

### PARTIES

3. Plaintiff, Annie L. Floyd, is an adult individual who resides at 2356 Woodstock Street, Philadelphia, PA 19132, and is domiciled in the Commonwealth of Pennsylvania.

4. Defendant, Manheim Auctions, Inc., is a corporation organized, existing and doing business under and by virtue of the laws of the State of Delaware, with its office and principal place of business located at 6325 Peachtree Dunwoody Road NE, Atlanta, GA 30328.

5. On or about June 21, 2017, plaintiff, who was employed by a third party contractor, was cleaning and wiping down used motor vehicles that were to be auctioned off by defendant at its facility located at 730 State Route 68, Bordentown, NJ 08505 (hereinafter "the premises") .

6. At the same time and general location, defendant was holding an auction of used motor vehicles at the said premises.

7. At the same time and general location, as part of its normal routine the defendant organized a group of drivers to operate the said used motor vehicle that were to be put on auction that day, and to pull the said used motor vehicles up to an area where plaintiff was situated on the said premises so that the said used motor vehicles could be wiped down prior to auction.

8. At the same time and general location, one of the said drivers (hereinafter "the negligent driver"), who is believed and thus averred to be an employee or agent of defendant, was operating a motor vehicle within the course and scope of his employment.

9. At the same time and general location, the negligent driver brought the said motor vehicle to a stop in the area where plaintiff was situated so that plaintiff could proceed to wipe down the motor vehicle being operated by the negligent driver.

10. At the same time and general location, while plaintiff was still wiping down the said motor vehicle, the negligent driver proceeded forward and ran over plaintiff's right foot causing the injuries to plaintiff set forth herein below.

11. The aforesaid accident was caused solely by the negligence of the negligent driver.

12. The aforesaid accident occurred due to no act or failure to act on the part of the plaintiff.

13. Defendant is vicariously liable for the negligence of the negligent driver as set forth herein below in that, at all times material hereto, he was acting within the course and scope of his employment or agency with defendant.

14. As a direct and proximate result of the accident and the negligence of the defendant, plaintiff sustained injuries to the muscles, blood vessels, nerves, tendons, connective tissues, skin, bones, and organs of her body, including but not limited to a crush injury to the right foot, a nondisplaced intra-articular fracture of the base of the fourth metatarsal with associated bone marrow edema, a nondisplaced fracture at the head neck junction of the fifth metatarsal with associated bone marrow edema, and back and neck sprains.

15. As a direct and proximate result of the accident and the negligence of the defendant, plaintiff has suffered, great pain, agony, disability and inconvenience, some or all of which will continue on a permanent basis into the future.

16. As a direct and proximate result of the accident and the negligence of the defendant, plaintiff has incurred economic damages including, but not limited to current and future medical expenses.

17. As a direct and proximate result of the accident and the negligence of the defendant, plaintiff has been unable to attend to her recreational activities and hobbies and has suffered a loss of the enjoyment of life, all of which may and probably will continue for an indefinite time into the future.

18. As a direct and proximate result of the accident and the negligence of the defendant, plaintiff has sustained a loss of earnings and/or earning capacity, all of which have been to her

great financial detriment and loss and all of which may and probably will continue for an indefinite time into the future.

19. Plaintiff is considered no-threshold under New Jersey law because neither she nor any family member in her household owed a motor vehicle.

## COUNT 1– Negligence

20. Paragraphs 1-19 are incorporated herein by reference as if set forth at length.

21. The negligence and carelessness of the defendant, by and through the said negligent driver and/or its employees, servants and/or workmen, consisted of the following:

(a) failing to keep a proper lookout for the plaintiff who was a pedestrian at the time;

(b) causing a motor vehicle to run over plaintiff's right foot;

(c) causing a motor vehicle to move forward without first ensuring that plaintiff was clear of the motor vehicle;

(d) failing to maintain said motor vehicle under proper and adequate control at the time;

(e) failing to ensure the negligent driver possessed the requisite skills to safely operate a motor vehicle under the circumstances;

(g) failing to implement procedures and policies to ensure persons operating motor vehicles on its premises possessed the requisite skills to safely operate a motor vehicle under the circumstances;

(h) violating Section 5(a)(1) of the Occupational Safety and Health Act

("OSHA") of 1970 which would have served to protect persons such as plaintiff in addition to its own employees;

(i) failing to formulate, adopt and/or enforce adequate rules, policies and procedures with respect to the prevention of workplace motor vehicle accidents;

(j) failing to formulate, adopt and/or enforce adequate rules, policies and procedures with respect to vetting persons who operate motor vehicle on its premises;

(k) failing to provide plaintiff with a safe workplace for plaintiff;

(l) operating said motor vehicle in violation of the local ordinances of the city of Bordentown and the County of Burlington and the statutes of the State of New Jersey pertaining to the operation of motor vehicles on private premises.

22. Plaintiff seeks redress for the aforementioned injuries and damages suffered by her as a result of negligence of the defendant.

WHEREFORE, plaintiff, Annie L. Floyd, demands damages from defendant, Manheim Auctions, Inc., in an amount to be determined by the trier of fact in this matter, exclusive of interest and costs.

SAMUEL A. DION, ESQUIRE
Dion & Goldberger
1845 Walnut Street, Suite 1199
Philadelphia, Pa 19103
(215) 546-6033
Attorneys for Plaintiff